# CIRCUIT COURT OF BALTI-MORE CITY

Filed December 15, 1890.

MARGARET CHILDS
VS.
LEVI S. WHITE ET AL.

*Thomas C. Weeks* for plaintiff.

*Bernard Carter* for defendants.

DENNIS, J. —

The main question in this case involves the construction and the validity of Section 653 J of the Act of 1890, Chapter 343, known as the Liquor License Law of Baltimore City. That section reads as follows: "The said board shall publicly hear petitions from residents of the ward or persons living or doing business in the vicinity of the place for which license is prayed, in addition to that of the petitioner in favor of and remonstrances against the granting of such license, and in all cases shall refuse the same whenever, in the opinion of the said board, such license is not necessary for the accommodation of the public or the petitioner or petitioners are not fit persons to whom such license should be granted, and if sufficient cause shall at any time be shown, or proof be made to the said board that the party licensed was guilty of any fraud in procuring said

license, or has violated any law of the State relating to the sale of intoxicating liquors, the said board shall, after giving notice to the person so licensed, revoke said license, and the Criminal Court of the city may in like manner revoke said license if the party shall be convicted before it of any such violation." It is contended on behalf of the plaintiff first that the proof that the party licensed has violated any law of the State relating to the sale of intoxicating liquor, upon the production of which the board may revoke his license, can only be furnished by the record of his conviction of the particular offense in the Criminal Court, under indictment regularly found, &c., and secondly, that if the board is authorized to revoke a license upon any proof short of this, then the provision is unconstitutional because in violation of that section of the Bill of Rights, which forbids a man being deprived of his "rights or privileges" without a jury trial.

In support of the first proposition, it is argued that no power is conferred upon the board to summon and enforce the attendance of witnesses, to administer oaths, &c.—in other words no machinery is provided by which it can properly investigate the question of licensee's guilt or innocence of the charge against him; and therefore it must be assumed that the Legislature did not intend the board should have the decision of the fact. No better way of determining what the Legislature intended can be found than by considering what it has said, and where the language of an Act is clear and unequivocal there is neither occasion, nor room, for resort to presumptions and theories of intention based upon considerations of policy, inconvenience, etc.

Now it is hard to conceive how the language of the section above quoted in reference to the power to revoke a license vested in the board could be more explicit or unequivocal. It says "and if *sufficient cause* shall at any time be shown or proof made to the board that the party licensed has violated any law of the State relating to the sales of intoxicating liquors, the said board shall, after giving notice to the party so licensed revoke said license and the Criminal Court of Baltimore City may in like manner revoke said license if the party should be convicted before it of any such vio-

lation." This language is so clear and unequivocal as to scarcely permit of argument upon its construction. The power is conferred upon the board in the very broadest terms to revoke the license whenever either proof is made or sufficient cause shown to it.

No mode of procedure is prescribed beyond the requirement that the person whose license is sought to be revoked, shall first have notice served upon him that his case is to be heard. The character and *quantum* of proof and the mode of its production are matters entrusted wholly to the discretion of the board, and its action is not subject to review in this or any other tribunal.

Broad as the power thus conferred, it is yet manifest that the restrictions sought to be placed upon its exercise would largely tend to defeat or greatly hamper, the policy of the law, as shown by the whole scope of the statute. A license is issued for one year and if before revoking it in a case where the licensee has become a violator of the provisions of the statute, the board must wait until the trial and conviction of the offender in the Criminal Court upon indictment before it can act, often the "law's delay" would enable the wrongdoer to continue his violations under the protection of the license during the whole time for which it was granted.

To guard against this and like consequences and secure a sufficient and successful enforcement of the policy of the statute, it was necessary that the powers vested in the board should be both plenary and summary, and the language used in which the Legislature has conferred them, is correspondingly broad and unequivocal. There is nothing whatever in the provision of Sections 653, H 7 or 653 S to control or modify this construction. These sections simply provide that upon the conviction in the Criminal Court of any licensed person of a violation of the law by selling to minors or perjury for false statements made in the petition to the board upon which the license was granted, his license shall be revoked by the Criminal Court, without awaiting for the action of the board.

These provisions are merely supplementary to the section we have been construing, and do not in any way limit its control, or interfere with the absolute right of the board as given

in that section to revoke a license, whenever, in its opinion, sufficient cause is shown that the party licensed was guilty of any fraud in procuring the license or has violated the law in relation to sales of liquor. They confer upon the Criminal Court the right to revoke, and make it a duty to do so, upon conviction; but they do not limit the right of the board to revoke without conviction, whenever, in its judgment, sufficient cause has been shown that the party has violated the law.

The contention that this construction makes the law unconstitutional because it deprives him of his right and privileges against the provision in the Bill of Rights, needs but few words of reply, after the recent decision of the Court of Appeals in the case of Trageser vs. Gray. That Court, following the decisions of the Supreme Court of the United States in Kidd vs. Pearson, 128 U. S., and the yet unreported case of Crowley vs. Christenson (decided in the present term), holds that the right to sell intoxicating liquors is not a privilege of a citizen of the State or a citizen of the United States; that it is a business attended with danger to the community, and may be entirely prohibited or permitted under such regulations as will limit to the utmost its evils; and that the manner and extent of such regulations rest wholly in the discretion of the Legislature. Says Judge Bryan, delivering the opinion of the Court in Trageser vs. Gray, speaking of the power of the Legislature to pass such a statute: "Their power over the whole subject under the Constitution of this State cannot at this day be questioned. They may prohibit the sale of spirituous liquors entirely, if they see fit to do so; or they may restrict it in any manner which their discretion may dictate. No one *can* claim as a *right* the power to sell either at any time, at any place or in any quantity. If he is allowed to sell under any circumstances it is simply by the free permission of the Legislature, and on such terms as it may see fit to impose."

In the statute under consideration, the Legislature has seen fit to allow a citizen the privilege of selling under certain conditions, but has coupled the permission with the right to withdraw the privilege whenever in the opinion of the board, sufficient cause under certain limitations to do so is shown. These are the "terms" upon which it has conferred the privilege; and if any one sees fit to avail of the privilege, he accepts it subject to the restrictions and limitations imposed upon its exercise by the statute which gave it.

As to the question of contempt of Court. This stands upon the petition for attachment and answer; and in such a case so much of the answer as is responsive to the allegation of the bill are taken as true.

It avers that the board never knew that the order for the injunction had issued; that the members upon whom the written notice was served never read it and thought it was simply a protest of counsel, and that, in revoking the license of the plaintiff, the board had no knowledge of the injunction and no intention of violating the order of the Court. Assuming these averments of the answer to be true, as I am bound to do in the absence of proof to the contrary offered by the plaintiff, there was no contempt committed in revoking the plaintiff's license, although the order for an injunction had been actually signed and the written notice of such order served upon one of the members of the board before the license was actually revoked.